# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 06-0361 LJO AND CV F 08-1614 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 51) |
| vs. | |
| DAVID WILLIAM UNGER | |
| Defendant. | |

## INTRODUCTION

Defendant David William Unger ("Mr. Unger") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered defendant's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges And Plea Agreement

An October 26, 2006 indictment charged Mr. Unger with two counts related to the possession, receipt and distribution of material involving the sexual exploitation of minors.

Mr. Unger entered into an April 20, 2007 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by which Mr. Unger voluntarily agreed to plea guilty to Count II of the indictment, violation of 18 U.S.C. §§ 2252(a)(4)(B)– possession of material involving the sexual exploitation of minors. The plea agreement provided Mr. Ungers's knowing and voluntary waiver of

1

his constitutional and statutory rights to appeal his plea and conviction and Mr. Unger's agreement "not to contest his plea, conviction in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255."

Mr. Unger and the United States of America ("Government") acknowledged and agreed that Mr. Unger's "sentencing range under the U.S. Sentencing Guidelines will be 78-97 months" and that "[s]hould he be in Criminal History Category II, his sentencing range is anticipated to be 87-108 months." Mr. Unger and the Government "agree[d] that one component of a reasonable sentence will be 87 months in Bureau of Prisons custody." The Government agreed to "dismiss Count One of the indictment in this case after the defendant has been sentenced" and further agreed "not [to] argument for any sentencing enhancements not referenced in [the] plea agreement."

The Court "accept[ed] the knowing and intelligent and voluntary waiver of rights, knowing and intelligence and voluntary change of plea" of Mr. Unger on April 20, 2007.

## Letters Between Plea Agreement and Sentencing

On September 28, 2007, this Court received two letters from Mr. Unger. (Docs. 42, 43). In the letters, Mr. Unger asserts the following claims:

1. Mr. Unger was intoxicated when the federal agents executed the arrest warrant.
2. Mr. Unger's constitutional rights were violated because the federal agents conducted an illegal search of his house, forced Mr. Unger to speak with them, and forced Mr. Unger to sign two consent forms.
3. Mr. Unger entered into the plea agreement based on the ineffective assistance of counsel and coercion. Mr. Unger's defense attorney, John Feiner's ("Mr. Feiner's") law firm was raided on or about December 8, 2006 and Mr. Unger's file was seized in the raid. Mr. Feiner refused to investigate or Mr. Unger's defense. Mr. Feiner "tricked" Mr. Unger into believing that Mr. Feiner was capable of representing him. Mr. Feiner continued to represent Mr. Unger without informing him that his file was seized or that he had lost exculpatory evidence.
4. Law enforcement officials have colluded in an effort to charge Mr. Unger with crimes he did not commit. Law enforcement officials continuously treat Mr. Unger unfairly.

Beginning in 2005, Mr. Unger reported to law enforcement officials that crimes were committed in his home, including misuse of his computer and credit cards. Law enforcement officials refused to investigate his claims and arrested him instead. Mr. Unger was a victim of identification theft.

On October 2, 2007, the Court received a third letter from Mr. Unger addressed to Assistant United States Attorney David L. Gappa ("Mr. Gappa") (Doc. 44). In his letter to Mr. Gappa, Mr. Unger expressed remorse that he signed the plea agreement, including the following statement: "I do not accept any part or terms of the plea deal because John Feiner lied to me, never explained the plea deal to me and most important has never showed me the evidence that you have against me, even though I have asked several times." Mr. Unger requested a list of evidence from Mr. Gappa, including fingerprints from his computer, credit card transactions, and a videotaped confession. Mr. Unger concluded his letter with the following statement: "I want a trial, and a new lawyer."

## Investigation Between Plea Agreement and Sentencing

Assistant Federal Defender Robert W. Rainwater ("Mr. Rainwater") was appointed to defend Mr. Unger. Mr. Rainwater investigated the claims made in Mr. Unger's letters, including the claim regarding the ineffective assistance of Mr. Feiner as counsel. The California State Bar ("state bar") confirmed that Mr. Unger's file was seized in a search of Mr. Feiner's office. The state bar informed Mr. Rainwater that they had finished reviewing the file and would forward that file to Mr. Rainwater on October 9, 2007. The Court granted Mr. Unger two continuances to review the file and to discuss whether to proceed with a sentencing hearing or to prepare a motion to withdraw Mr. Unger's plea. Mr. Rainwater received Mr. Unger's file from the state bar and, after a review of the file, stipulated to proceed with a November 16, 2007 sentencing of Mr. Unger.

## Sentencing

This Court conducted a November 16, 2007 sentencing hearing. An extensive discussion on the record between Mr. Rainwater, Mr. Gappa, Mr. Unger, and the Court took place, in which Mr. Unger repeatedly agreed to accept the terms of the original plea agreement voluntarily. In pertinent part, that exchange is as follows:

MR. RAINWATER: Your honor, as I indicated to the government, you know,

| | | |
|---|---|---|
| 1 | | Mr. Unger was quite upset with his previous attorney. We have spent quite a bit of time about that...but at this time, Mr. Unger feels the best thing is to go ahead with the plea agreement. |
| 2 | | |
| 3 | * * * | |
| 4 | THE COURT: | Let me ask one question here. Are we convinced that when the change of plea was taken in this case that he was actually represented by a lawyer? |
| 5 | | |
| 6 | MR. RAINWATER: | Yes. Yes. I don't think there is any doubt that...Mr. Feiner is in fact an attorney...The state bar sent me a copy of that file and the information. |
| 7 | | |
| 8 | THE COURT: | You are David Unger? |
| 9 | THE DEFENDANT: | Yes. |
| 10 | THE COURT: | Mr. Unger, did you hear what your lawyer just said? |
| 11 | THE DEFENDANT: | Yes. |
| 12 | THE COURT: | I know there was some anger on your part and there was some dissatisfaction on your part with your initiation, your first lawyer. But as you know, a change of plea was taken at that time. Is there anything you want to do about that, or do you wish to go forward, knowing that the change of plea was taken, and move forward now with sentencing. |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | THE DEFENDANT: | Move forward. |
| 17 | THE COURT: | All right. Do you have any questions for me? |
| 18 | THE DEFENDANT: | No. |
| 19 | THE COURT: | All right...And I have a question, another question for you. Di you actually have a chance to review this presentence report from beginning to end? |
| 20 | | |
| 21 | THE DEFENDANT: | Yes. |
| 22 | THE COURT: | Do you have any questions at all? |
| 23 | THE DEFENDANT: | No. |
| 24 | * * * | |
| 25 | THE COURT: | All right. And, sir, you have a right to address me if you want. You have no obligation. Is there anything you want to tell me? |
| 26 | THE DEFENDANT: | No. |
| 27 | * * * | |
| 28 | MR. GAPPA: | Your Honor, if we could just have the defendant confirm that any |

4

|   |   |   |
|---|---|---|
| 1 | | of the concerns he expressed in all of the letters he wrote, both to me and to the Court...all of those that were sent out while he was in jail after he pled guilty, if he could indicate whether or not he still has any issue that bothers him. I know the Court has addressed the plea issue, but since the plea was entered, he wrote all those letters saying that he wasn't guilty and there were issues about voluntariness of statements, et cetera. |
| 5 | MR. RAINWATER: | ...I think he has answered that he has considered everything. He is prepared to proceed. He feels the plea agreement is in his best interest at this time. Correct, Mr. Unger? |
| 7 | THE DEFENDANT: | Yes. |
| 8 | \* \* \* | |
| 9 | THE COURT: | Mr. Unger...you have written several letters to counsel and to the Court with regard to this case and the plea agreement and what occurred with regard to your first lawyer...And as a result of that, as you will remember, then Mr. Rainwater came into the case, and you have had discussions with him that I don't want you to tell me about. But my understanding this morning, based on what you are telling me, is that no matter what you said in the letters, no matter what has occurred up until now, you wish to stand by the change of plea, and you have no questions about all of the rights that you have given up. That's my understanding. If that's not your understand, I need you to please tell me. |
| 15 | THE DEFENDANT: | No. I'm going to go forward with the plea deal. |
| 16 | THE COURT: | So you understand you are waiving your appellate rights here? |
| 17 | THE DEFENDANT: | Yes. |
| 18 | THE COURT: | That's part of the plea agreement. |
| 19 | THE DEFENDANT: | Yes. |

Consistent with the plea agreement, this Court sentenced Mr. Unger to a term of 87 months imprisonment and 120 months of supervised release upon release from imprisonment. After Mr. Unger was sentenced, and further consistent with the plea agreement, the Government moved to dismiss Count I of the Indictment. Mr. Unger did not file a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals.

## **Section 2255 Motion**

On October 27, 2008, Mr. Unger filed his section 2255 motion to claim: (1) ineffective assistance of counsel by Mr. Feiner; (2) warrantless search without valid consent; (3) denial of Equal Protection by the Fresno City Police Department; and (4) the United States Attorney failed to provide exculpatory

evidence. Mr. Unger's section 2255 motion relies on the same facts asserted in his September 28, 2007 and October 2, 2007 letters sent to this Court and the United States' Attorney's office prior to sentences. Mr. Unger's sections 2255 motion presents the same claims raised prior to sentencing.

## DISCUSSION

### Waiver

Mr. Unger's waiver to attack collaterally his sentence with a section 2255 motion precludes Mr. Unger's claims, if any, related to his degree of culpability and access to evidence.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Mr. Unger's waiver of his appeal and collateral attack rights, as part of Mr. Unger's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, Mr. Unger affirmed his desire to be bound by the terms of the plea agreement. Because Mr. Unger waived his right to attack collaterally his sentence in a section 2255 motion, Mr. Unger is precluded to raise such issues in this section 2255 motion which do not relate to the performance of his attorney or voluntariness of waiver. *See Abarca*, 985 F.2d at 1013.

### Ineffective Assistance Of Counsel

Mr. Unger claims the ineffective assistance of Mr. Feiner as counsel regarding his initial entry into the plea agreement. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes Mr. Feiner's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has proven prejudice affirmatively. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). Thus, if a

court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

Mr. Unger suffered no prejudice under these circumstances, as there is no reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. Mr. Unger's concerns about Mr. Feiner, including the state bar investigation and seizure of his file, were addressed by Mr. Unger, Mr. Unger's court-appointed defense attorney, Mr. Rainwater, Mr. Gappa, and the Court. The Court granted Mr. Unger time to review his file and the facts about Mr. Feiner. Mr. Unger was able to consider whether to move to withdraw his plea. Mr. Unger chose unequivocally and voluntarily to accept the terms of the plea agreement. Therefore, Mr. Unger the result of the proceeding was the same. Because Mr. Unger has suffered no prejudice, his ineffective assistance of counsel claim fails.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On

the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Unger's conviction. Accordingly, a certificate of appealability is improper.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Unger's section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 08-1614.

IT IS SO ORDERED.

**Dated:   October 31, 2008**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE