# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 06-0361 LJO AND CV F 08-1614 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY** |
| vs. | (Doc. 54) |
| DAVID WILLIAM UNGER | |
| Defendant. / | |

## INTRODUCTION

Defendant David William Unger ("Mr. Unger") is a federal prisoner proceeding pro se to seek a certificate of appealability ("COA") to appeal this Court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Because Mr. Unger's COA request was denied in the October 31, 2008 Order ("Order"), this Court construes Mr. Unger's motion as a motion for reconsideration. Having considered Mr. Unger's motion on the record, this Court DENIES Mr. Unger's motion for reconsideration.

## BACKGROUND

### Charges And Plea Agreement

An October 26, 2006 indictment charged Mr. Unger with two counts related to the possession, receipt and distribution of material involving the sexual exploitation of minors. Mr. Unger entered into an April 20, 2007 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by

1

which Mr. Unger voluntarily agreed to plea guilty to Count II of the indictment, violation of 18 U.S.C. §§ 2252(a)(4)(B)– possession of material involving the sexual exploitation of minors. The plea agreement provided Mr. Unger's knowing and voluntary waiver of his constitutional and statutory rights to appeal his plea and conviction and Mr. Unger's agreement "not to contest his plea, conviction in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." The Court "accept[ed] the knowing and intelligent and voluntary waiver of rights, knowing and intelligence and voluntary change of plea" of Mr. Unger on April 20, 2007.

## Letters Between Plea Agreement and Sentencing

On September 28, 2007, this Court received two letters from Mr. Unger. (Docs. 42, 43). In the letters, Mr. Unger asserts the following claims:

1. Mr. Unger was intoxicated when the federal agents executed the arrest warrant.
2. Mr. Unger's constitutional rights were violated because the federal agents conducted an illegal search of his house, forced Mr. Unger to speak with them, and forced Mr. Unger to sign two consent forms.
3. Mr. Unger entered into the plea agreement based on the ineffective assistance of counsel and coercion. Mr. Unger's defense attorney, John Feiner's ("Mr. Feiner's") law firm was raided on or about December 8, 2006 and Mr. Unger's file was seized in the raid. Mr. Feiner refused to investigate or Mr. Unger's defense. Mr. Feiner "tricked" Mr. Unger into believing that Mr. Feiner was capable of representing him. Mr. Feiner continued to represent Mr. Unger without informing him that his file was seized or that he had lost exculpatory evidence.
4. Law enforcement officials have colluded in an effort to charge Mr. Unger with crimes he did not commit. Law enforcement officials continuously treat Mr. Unger unfairly. Beginning in 2005, Mr. Unger reported to law enforcement officials that crimes were committed in his home, including misuse of his computer and credit cards. Law enforcement officials refused to investigate his claims and arrested him instead. Mr. Unger was a victim of identification theft.

///

On October 2, 2007, the Court received a third letter from Mr. Unger addressed to Assistant United States Attorney David L. Gappa ("Mr. Gappa"). In his letter to Mr. Gappa, Mr. Unger expressed remorse that he signed the plea agreement, including the following statement: "I do not accept any part or terms of the plea deal because John Feiner lied to me, never explained the plea deal to me and most important has never showed me the evidence that you have against me, even though I have asked several times." Mr. Unger requested a list of evidence from Mr. Gappa, including fingerprints from his computer, credit card transactions, and a videotaped confession. Mr. Unger concluded his letter with the following statement: "I want a trial, and a new lawyer."

### **Investigation Between Plea Agreement and Sentencing**

Assistant Federal Defendant Robert W. Rainwater ("Mr. Rainwater") was appointed to defend Mr. Unger. Mr. Rainwater investigated the claims made in Mr. Unger's letters, including the claim regarding the ineffective assistance of Mr. Feiner as counsel. The California State Bar ("state bar") confirmed that Mr. Unger's file was seized in a search of Mr. Feiner's office. The state bar informed Mr. Rainwater that they had finished reviewing the file and would forward that file to Mr. Rainwater on October 9, 2007. The Court granted Mr. Unger two continuances to review the file and to discuss whether to proceed with a sentencing hearing or to prepare a motion to withdraw Mr. Unger's plea. Mr. Rainwater received Mr. Unger's file from the state bar and, after a review of the file, stipulated to proceed with sentencing.

### **Sentencing**

This Court conducted a November 16, 2007 sentencing hearing. An extensive discussion on the record between Mr. Rainwater, Mr. Gappa, Mr. Unger, and the Court took place, in which Mr. Unger repeatedly agreed to accept the terms of the original plea agreement voluntarily and to reject all arguments raised in his letters. In pertinent part, that exchange is as follows:

> MR. RAINWATER: Your honor, as I indicated to the government, you know, Mr. Unger was quite upset with his previous attorney. We have spent quite a bit of time about that...but at this time, Mr. Unger feels the best thing is to go ahead with the plea agreement.
>
> \* \* \*
>
> THE COURT: I know there was some anger on your part and there was some dissatisfaction on your part with your initiation, your first lawyer.

3

| | | |
|---|---|---|
| 1 | | But as you know, a change of plea was taken at that time. Is there anything you want to do about that, or do you wish to go forward, knowing that the change of plea was taken, and move forward now with sentencing. |
| 2 | | |
| 3 | | |
| 4 | THE DEFENDANT: | Move forward. |
| 5 | THE COURT: | All right. Do you have any questions for me? |
| 6 | THE DEFENDANT: | No. |
| 7 | * * * | |
| 8 | THE COURT: | All right. And, sir, you have a right to address me if you want. You have no obligation. Is there anything you want to tell me? |
| 9 | | |
| 10 | THE DEFENDANT: | No. |
| 11 | * * * | |
| 12 | MR. GAPPA: | Your Honor, if we could just have the defendant confirm that any of the concerns he expressed in all of the letters he wrote, both to me and to the Court…all of those that were sent out while he was in jail after he pled guilty, if he could indicate whether or not he still has any issue that bothers him. I know the Court has addressed the plea issue, but since the plea was entered, he wrote all those letters saying that he wasn't guilty and there were issues about voluntariness of statements, et cetera. |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | MR. RAINWATER: | …I think he has answered that he has considered everything. He is prepared to proceed. He feels the plea agreement is in his best interest at this time. Correct, Mr. Unger? |
| 17 | | |
| 18 | THE DEFENDANT: | Yes. |
| 19 | * * * | |
| 20 | THE COURT: | Mr. Unger…you have written several letters to counsel and to the Court with regard to this case and the plea agreement and what occurred with regard to your first lawyer…And as a result of that, as you will remember, then Mr. Rainwater came into the case, and you have had discussions with him that I don't want you to tell me about. But my understanding this morning, based on what you are telling me, is that no matter what you said in the letters, no matter what has occurred up until now, you wish to stand by the change of plea, and you have no questions about all of the rights that you have given up. That's my understanding. If that's not your understand, I need you to please tell me. |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | THE DEFENDANT: | No. I'm going to go forward with the plea deal. |
| 27 | THE COURT: | So you understand you are waiving your appellate rights here? |
| 28 | THE DEFENDANT: | Yes. |

4

Consistent with the plea agreement, this Court sentenced Mr. Unger to a term of 87 months imprisonment and 120 months of supervised release upon release from imprisonment.

## Section 2255 and COA Motion

On October 27, 2008, Mr. Unger filed his Section 2255 motion to claim: (1) ineffective assistance of counsel by Mr. Feiner; (2) warrantless search without valid consent; (3) denial of Equal Protection by the Fresno City Police Department; and (4) the United States Attorney failed to provide exculpatory evidence. Mr. Unger's Section 2255 motion relied on the same facts asserted in his September 28, 2007 and October 2, 2007 letters sent to this Court and the United States' Attorney's office prior to sentencing. Mr. Unger's Section 2255 motion presented the same claims raised prior to sentencing.

In its Order, this Court denied Mr. Unger's Section 2255 motion. This Court found that:(1) Mr. Unger's waiver to attack collaterally his sentence with a Section 2255 motion precludes Mr. Unger's claims, if any, related to his degree of culpability and access to evidence; and (2) Mr. Unger suffered no prejudice under the circumstances, as there is no reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Order at 9 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In addition, the Court denied Mr. Unger's COA request. The Court reasoned:

> A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see also, Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when a defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983).
>
> This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Unger's conviction. Accordingly, a certificate of appealability is improper.

Order at 8-9.

## DISCUSSION

### Standard of Review

This Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185,

1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exists or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

### No Grounds for Reconsideration

Mr. Unger moves for a COA on the following grounds: (1) in his Section 2255 motion, he "clearly set out four <u>constitutional</u> issues;" and (2) a defendant cannot waive an ineffective assistance of counsel claim through a plea agreement.

Mr. Unger does not satisfy his burden to demonstrate that reconsideration is warranted. "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through." *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Here, Mr. Unger's motion presents no new facts or circumstances. Mr. Unger re-argues the same theories presented in his letters and in his Section 2255 motion. This Court has considered Mr.

Unger's arguments in the proceedings before his sentencing and in the Order.[1] Accordingly, reconsideration of the October 31, 2008 denial of a COA is inappropriate based on these arguments.

Additionally, Mr. Unger's argument that this Court committed legal error demonstrates that Mr. Unger misunderstood this Court's Order. Mr. Unger argues that this Court should reconsider its Order because a defendant cannot waive a claim of ineffective assistance of counsel through a plea agreement. In its Order, the Court did not rule that Mr. Unger waived his ineffective assistance of counsel argument through his plea agreement. Rather, this Court recognized that such a claim may not be waivable. Order at 6. Accordingly, the Court "scrutinize[d]" Mr. Unger's ineffective assistance of counsel claim separately. *Id.*

In considering the ineffective assistance of counsel claim, the Court recognized that it must consider two factors. Order at 7. The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Id*. The second factor to consider is whether the petitioner has proven prejudice affirmatively *Id*. at 7-8. The Court considered the second factor first, because a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Id.* at 8. The Court concluded that:

> Mr. Unger suffered no prejudice under these circumstances, as there is no reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. Mr. Unger's concerns about Mr. Feiner, including the state bar investigation and seizure of his file, were addressed by Mr. Unger, Mr. Unger's court-appointed defense attorney, Mr. Rainwater, Mr. Gappa, and the Court. The Court granted Mr. Unger time to review his file and the facts about Mr. Feiner. Mr. Unger was able to consider whether to move to withdraw his plea. Mr. Unger chose unequivocally and voluntarily to accept the terms of the plea agreement. Therefore, the result of the proceeding was the same. Because Mr. Unger has suffered no prejudice, his ineffective assistance of counsel claim fails.

*Id*.

Mr. Unger fails to set forth facts or law of a strongly convincing nature to induce the court to reverse its decision to deny a COA. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th

---

[1] Moreover, as set forth above, Mr. Unger rejected these arguments on the record, confirmed that he no longer desired to pursue them, and re-affirmed the terms of the plea agreement, including the factual basis.

7

1 | Cir. 1987). After reviewing the record and considering the applicable legal standards, this Court concluded that no jurist of reason could debate the correctness to deny defendant collateral relief. Mr. Unger fails to explain how this Court committed clear error in its Order and fails to demonstrate that the questions raised in his motion are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). Accordingly, Mr. Unger's motion is denied.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Unger's motion for a certificate of appealability.

IT IS SO ORDERED.

**Dated:   December 2, 2008**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE