UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WILLIAM UNGER,<br><br>Defendant. | No.  1:06-cr-00361-LJO-1<br><br>ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 107) |

On July 22, 2020, David Unger ("petitioner"), a former federal prisoner currently out of custody and serving his term of supervised release and proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence ("motion") under Title 28, United States Code, Section 2255. (Doc No. 107.)  Therein, petitioner raises two broad claims contesting the voluntariness of his original plea and contending that his constitutional right to "civil liberties" has been violated. (*Id*.)  For the reasons that follow, petitioner's motion will be DISMISSED.

On April 20, 2007, petitioner entered a plea of guilty to one count of Receiving and Distributing Material Involving the Sexual Exploitation of Minors.  (Doc. Nos. 27, 28.)  On November 16, 2007, after an Assistant Federal Defender was assigned to represent petitioner

/////

/////

/////

1

after his original attorney suffered disciplinary issues with the California State Bar,[1] petitioner was sentenced to an eighty-seven month term of imprisonment in the custody of the U.S. Bureau of Prisons (BOP) and 120 month term of supervised release to follow.  (Doc. Nos. 48, 49.)

On October 27, 2008, petitioner filed his first motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, raising several issues, including ineffective assistance of his first attorney.  (Doc. No. 51.)  On October 31, 2008, the sentencing judge denied petitioner's motion, finding that petitioner's plea agreement precluded collateral attack of his conviction on certain grounds and denying on the merits petitioner's claim of ineffective assistance of counsel.  (Doc. Nos. 52, 53.)

After his release from BOP custody, petitioner was arrested on March 22, 2018, for violations of the terms of his supervised released.  (Doc. Nos. 63–65, 68.)  On April 25, 2018 and May 16, 2018, petitioner admitted the two violations of supervised release alleged, and rather than being sentenced, on May 21, 2019, petitioner was released to the Fresno Rescue Mission by order of the court.  (Doc. Nos. 72, 74, 75–76.)

On February 22, 2019, however, petitioner was re-arrested for the two previously admitted violations of supervised release, as well as for a new violation of the conditions of release after being terminated from the Fresno Rescue Mission for noncompliant behavior, though this latter violation was later dismissed.  (Doc. Nos. 81, 82, 84, 87.)  On July 29, 2019, petitioner was sentenced to a term of imprisonment of seven months and four days and a 115 month term of supervised release to follow for the admitted violations.  (Doc. No. 104, 106.)  On July 22, 2020, petitioner filed the § 2255 motion now before the court.  (Doc. No. 107.)

---

[1] Petitioner's first attorney, John Feiner, was associated with a law practice operated by a person who was not a licensed attorney, though Mr. Feiner himself was licensed. (Doc. No. 107, Ex. B.) In a letter to petitioner dated December 8, 2006, the State Bar of California noted that Feiner could "continue to have [a] legitimate law practice[ ]," but that petitioner would "need to employ new counsel." (*Id.*) Petitioner's guilty plea was entered on April 20, 2007, with Feiner appearing as petitioner's counsel. (Doc. No. 27.) On September 7, 2007, petitioner's request to discharge Feiner as his counsel was granted by the court, and Assistant Federal Defender Robert Rainwater was appointed to represent petitioner. (Doc. Nos. 37, 39.) Feiner was subsequently disbarred from the practice of law in 2013, after being suspended in 2012 for financial and other improprieties and then failing to inform clients and the courts of his suspension, as required. (Doc. No. 27 at Ex. C & Ex. E.)

In his first claim, petitioner specifically alleges that his guilty plea in 2007 was not knowing, intelligent, and voluntary because he received ineffective assistance from both his first attorney and the Assistant Federal Defender who later represented him. (Doc. No. 107 at 14–17.) Petitioner additionally claims his plea was not knowing, intelligent, and voluntary because the court did not engage in a new plea colloquy before sentencing him, which petitioner contends was necessary under the circumstances of his case. (*Id*. at 17–20.)

In his second claim, petitioner asserts that the court is violating his constitutional right to "civil liberties." (*Id*. at 20.) Petitioner states that his first claim "is not moot" because he is "suffering further prejudice as the result of the involuntary plea agreement." (*Id*.) Petitioner contends that the court "never discussed the terms and conditions" of his supervised release "during a valid 'Plea Colloquy'," including the "possibility that Supervised Release could and would be revoked for drinking alcohol." (*Id*.)

"A 1-year period of limitation [applies] to a motion made" under 28 U.S.C. § 2255. To the extent petitioner seeks to challenge his 2007 conviction in both his first and second claims, his motion is untimely since it was filed well beyond the one-year limitation period.

To the extent petitioner seeks, through his second claim, to challenge his original conviction by arguing the revocation of his supervised release is a collateral consequence of the original conviction that permits him to attack that conviction, petitioner is incorrect. When supervised release is revoked and a sentence for violation of release conditions is imposed, the limited availability of § 2255 relief has been explained as follows:

> A proceeding under 28 U.S.C. § 2255 can be maintained only if the applicant is currently serving the sentence which is under attack. *See Roberts v. United States*, 365 F.2d 251, 251 (9th Cir. 1966). Subsequent terms of supervised release imposed upon offenders who repeatedly violate supervised release conditions constitute "separate and distinct terms" with their "own beginning and end (either by termination or revocation)." *United States v. Wing*, 682 F.3d 861, 864–65 (9th Cir. 2012). "A term of supervised release after imprisonment is not the balance or remainder of the original term of supervised release, but, rather, is a new and separate term." *Id.* at 870. "When a term of supervised release is revoked, the term is canceled." *Id.* at 868. Section 2255 "does not authorize [a prisoner] to challenge an earlier sentence after his term of custody has expired" and thus, a legal error asserted against a prior sentence

3

"cannot be the basis of relief under Section 2255 for his separate revocation sentence." *United States v. Newman*, 830 F. Supp. 1339, 1341 (D. Or. 1993).

*Ramseur v. United States*, No. 2:13-CR-00345-CAS-1, 2017 WL 2818976, at *2 (C.D. Cal. June 29, 2017).

Collateral consequences from an expired sentence may constitute a concrete injury satisfying the case-and-controversy requirement, thereby allowing an *already-filed* habeas action to continue beyond expiration of the sentence. *See Spencer v. Kemna*, 523 U.S. 1 (1998). A collateral consequence resulting from a conviction with an expired sentence does not permit the reverse—that is, a collateral consequence does not permit the late filing of a suit to attack an earlier conviction with an already-satisfied sentence.

Additionally, this is petitioner's second motion under § 2255. The court denied petitioner's first § 2255 motion, finding that some grounds for relief presented therein were barred by the terms of petitioner's pela agreement waiver and that petitioner had failed to demonstrate that he suffered any prejudice from the performance of his first counsel. (*See* Doc. No. 52.) Given that petitioner's previous federal habeas motion was decided on the merits in part and denied based on petitioner's plea agreement in part, this renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b).

A prisoner may not bring a second or successive motion under § 2255 in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The procedure for certification provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

4

application." 28 U.S.C. § 2244(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner "neither sought nor received authorization from the Court of Appeals" before filing a second or successive habeas petition, the district court "was without jurisdiction to entertain it").

Because Petitioner has filed a successive § 2255 motion without certification from the Ninth Circuit Court of Appeals, this court lacks jurisdiction to review the merits of the petition, even if the motion had been timely filed. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit). For the foregoing reasons, petitioner's § 2255 motion, (Doc. No. 107), will be **DISMISSED**.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed with such an appeal, however, absent a certificate of appealability. 28 U.S.C. § 2253(c). When a court dismisses a petition for a writ of habeas corpus, it may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a § 2255 motion is dismissed on procedural grounds, a certificate of appealability issues "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. The legal rules and principles guiding the court's decision are well settled and not reasonably debated.

/////

/////

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Petitioner's motion, brought under 28 U.S.C. § 2255 (Doc. No. 107) is DISMISSED;

(2) No certificate of appealability will issue; and

(3) The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 1, 2020**                                  ⁄s⁄ Dale A. Drozd
                                                   UNITED STATES DISTRICT JUDGE